UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN JALILI,<br><br>                           Plaintiff,<br><br>v.<br><br>3M COMPANY and AEARO TECHNOLOGIES LLC,<br><br>                           Defendants. | Civil No. 22-781 (JRT/TNL) |
| ORAL JANICE,<br><br>                           Plaintiff,<br><br>v.<br><br>3M COMPANY and AEARO TECHNOLOGIES LLC,<br><br>                           Defendants. | Civil No. 22-783 (JRT/TNL) |
| KEVIN KANE,<br><br>                           Plaintiff,<br><br>v.<br><br>3M COMPANY and AEARO TECHNOLOGIES LLC,<br><br>                           Defendants. | Civil No. 20-1157 (JRT/TNL) |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' MOTIONS TO REMAND**

Alicia N. Sieben, Matthew James Barber, and William R. Sieben, **SCHWEBEL GOETZ & SIEBEN PA**, 80 South Eighth Street, Suite 5120, Minneapolis, MN 55402; Daniel E. Gustafson and Amanda M. Williams, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for plaintiffs.

Jerry W. Blackwell, **BLACKWELL BURKE PA**, 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415; S. Jamal Faleel, Eugene Hummel, and Benjamin W. Hulse, **Norton Rose Fulbright,** 60 South Sixth Street, Suites 2500 & 3100, Minneapolis, MN 55402, for defendants;

Faris Rashid, **Greene Espel PLLP,** 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402, for Aearo Technologies Inc.

Plaintiffs, all private military contractors, wore Combat Arms Earplugs, Version 2 (the "CAEv2"), manufactured by Defendants 3M Company and Aearo Technologies LLC (collectively "3M"), to protect against loud and damaging sounds while working for the military. Plaintiffs filed actions in Minnesota state court, alleging that 3M failed to provide adequate instructions and warnings concerning how to properly wear the CAEv2 and, as a result, that they now suffer from hearing loss and/or tinnitus. 3M removed the actions, asserting the Court has jurisdiction over the matters on three bases: 1) the federal contractor defense arising from the Federal Officer Removal Statute, 2) combatant activities jurisdiction arising from the Federal Officer Removal Statute, and 3) the federal

enclave doctrine. Plaintiffs moved to remand the action to state court for lack of subject matter jurisdiction, asserting that none of those grounds apply here, as the Court has held in previous 3M earplug cases.

In related cases, the Court ruled that 3M was precluded from asserting, as grounds for removal, combatant activities jurisdiction; federal enclave doctrine with respect to claims arising in Iraq and Afghanistan; and the federal contractor defense where the plaintiffs obtained the CAEv2 earplugs through private suppliers. Because 3M's combatant activities and federal enclave doctrine arguments are identical to those 3M made in previous cases, the Court will not revisit its prior analysis. However, the origin of the plaintiffs' CAEv2 earplugs at issue here is disputed. The Eighth Circuit has ruled that 3M has raised a colorable federal contractor defense where the plaintiffs received their CAEv2 earplugs from the military. As such, the Court will examine 3M's claims that the Plaintiffs obtained their earplugs from the military.

Because Plaintiff Oral Janice admitted that he obtained at least some of his CAEv2 earplugs through the military, the Court will find that 3M raises a colorable federal contractor defense and deny Janice's Motion to Remand. However, because 3M cannot show that Plaintiffs John Jalili or Kevin Kane obtained their CAEv2 earplugs from the military, the Court will find that it does not have jurisdiction over those claims and grant Jalili and Kane's Motions for Remand.

**BACKGROUND**

### I. Factual Background

The Court lays out facts relevant to specific plaintiffs in the analysis below. Generally, plaintiffs wore CAEv2 when exposed to loud, high-pitched noises, while performing various tasks as civilian military contractors. (*See, e.g.*, Case No. 22-781, *Jalili v. 3M Co.,*. Compl. ¶¶ 8–12, Apr. 1, 2022, Docket No. 1-1.) Plaintiffs allege that they never received instructions to fold back the third flange of the CAEv2 earplugs nor did they receive a warning that the earplugs would be ineffective if they did not do so and, as a result, they now suffer from hearing loss and/or tinnitus. (*See, e.g.*, *id*. ¶ 10.)

### II. Procedural Background

Plaintiffs filed these actions in Minnesota state court, asserting product liability claims based on 3M's alleged failure to warn regarding how to properly fit and safely wear the CAEv2. (*See, e.g.*, *id.* ¶¶ 41–55.) 3M subsequently gave notice of removal, arguing that the Court had subject matter jurisdiction over these claims based on the federal contractor defense, combatant activities exception, and federal enclave jurisdiction. (*See, e.g.*, Case No. 22-781, *Jalili v. 3M Co.*, Notice of Removal at 2–3, Apr. 1, 2022, Docket No. 1.) The plaintiffs now move to remand their cases to state court. (*See, e.g.,* Case No. 22-781, *Jalili v. 3M Co.*, Mot. Remand, May 2, 2022, Docket No. 8.)

**DISCUSSION**

**I.    STANDARD OF REVIEW**

Typically, a defendant may remove a civil action to federal court only if the action could have been filed originally in federal court. *See* 28 U.S.C. § 1441(a); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). Generally, where a complaint pleads only state law claims, a federal court does not have jurisdiction based on a federal defense. *See, e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). However, the Federal Officer Removal Statute provides an exception to that rule. 28 U.S.C. § 1442(a)(1). The statute provides that cases against federal officers "may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999).

To satisfy the Federal Office Removal Statute, the removing defendant must plausibly allege that (1) the defendant is a "person" under the statute; (2) the defendant was "acting under" the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal connection between the defendant's actions and the official authority; and (4) the defendant raises a "colorable" federal defense. *See Jacks v. Meridian Res. Co.*, 701 F.3d 1224, 1230 (8th Cir. 2012) (abrogated on other grounds). A defendant need only demonstrate that its defense is "colorable," not "clearly sustainable." *Id.* at 1235. "For a defense to be considered colorable, it need only be

plausible; § 1442(a)(1) does not require a court to hold that a defense will be successful before removal is appropriate." *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001).

## II. ANALYSIS

### A. Combatant Activities Exception and Federal Enclave Doctrine

In related cases, the Court concluded that 3M failed to raise colorable combatant activities exception defense with respect to the tortious conduct alleged here. *Copeland v. 3M Co.*, No. 20-1490, 2020 WL 5748114, at *3 (D. Minn. Sept. 25, 2020); *Graves v. 3M Co.*, 447 F. Supp. 3d 908, 916 (D. Minn. 2020); *Bischoff v. 3M Co.*, 515 F. Supp. 3d 994, 1004 (D. Minn. 2021). The Court has also concluded that 3M failed to show that the Court has jurisdiction over tort claims arising in combat zones in foreign countries such as Iraq and Afghanistan under the federal enclave doctrine. *Adams v. 3M Co.*, No. 21-903, 2021 WL 3206832, at *2 (D. Minn. July 29, 2021); *Bell v. 3M Co.*, No. 21-382, 2021 WL 1864034, at *2 & n.5 (D. Minn. May 10, 2021); *Allen v. 3M Co.*, No. 20-2380, 2021 WL 1118026, at *2 n.1 (D. Minn. Mar. 24, 2021); *Sultan v. 3M Co.*, No. 20-1747, 2020 WL 7055576, at *9 (D. Minn. Dec. 2, 2020).

"Under the doctrine of collateral estoppel, also called issue preclusion, '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'"

*Turner v. U.S. Dep't of Justice*, 815 F.3d 1108, 1111 (8th Cir. 2016) (quoting Restatement (Second) of Judgments § 27 (Am. L. Inst. 1982)).

3M already litigated these jurisdictional grounds—grounds identical to the ones asserted here—and the Court issued final judgments remanding the previous actions for lack of subject matter jurisdiction. *See, e.g., Sultan*, 2020 WL 7055576, at *9. Therefore, pursuant to the doctrine of collateral estoppel, the Court will find that 3M is precluded from asserting these grounds for removal. *See Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007); *see also Sandy Lake Band of Mississippi Chippewa v. United States*, 714 F.3d 1098, 1102–04 (8th Cir. 2013).

### B.    Federal Contractor Defense

The Eighth Circuit has held that, where properly raised, the federal contractor defense gives rise to federal jurisdiction pursuant to the Federal Officer Removal Statute. *Graves v. 3M Co.*, 17 F.4th 764, 771 (8th Cir. 2021). As it pertains to actions arising from CAEv2 litigation, 3M has properly raised the federal contractor defense where it plausibly alleges that the plaintiffs obtained their CAEv2 earplugs from the military. *Id.* Here, 3M asserts that the plaintiffs obtained their CAEv2 earplugs from the military.

Plaintiff Janice admitted that he received CAEv2 from the Army as well as through private suppliers. (Case No. 22-783, Decl. of Daniel Gustafson, Ex. B at 8–9, May 2, 2022, Docket No. 11-1.)[1]  Because Janice admitted that he received earplugs from the military

---

[1] Exhibit citations are to the CM/ECF page numbers.

and his injuries may have been caused or worsened by the use of the military issued earplugs, the Court will deny Janice's Motion for Remand.

However, 3M fails to plead a colorable federal contractor defense as to plaintiffs Jalili and Kane. The "federal officer removal statute is to be 'liberally construed,' and thus the typical presumption against removal does not apply." *Buljic v. Tyson Foods, Inc.*, 22 F.4th 730, 738 (8th Cir. 2021) (quoting *Cnty. Bd. Of Arlington Cnty. v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 250–51 (4th Cir. 2021)). Nonetheless, the Federal Officer Removal Statute still "requires that the removing defendant plausibly allege" the necessary facts to show jurisdiction, and the party seeking removal bears the burden of demonstrating that removal is proper. *Minnesota v. Am. Petroleum Inst.*, No. 20-1636, 2021 WL 1215656, at *8 (D. Minn. Mar. 31, 2021); *see also In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)

There is no evidence in the record to substantiate with any degree of certainty that the assertion that Jalili and Kane obtained their CAEv2 earplugs from the military. Kane testified that he never received earplugs from the military, and Jalili asserted that he received his earplugs from co-workers in a supply room. (Decl. of Daniel Gustafson, Ex. A at 3; Ex. C at 13–14.) 3M asks the Court to presume that the earplugs were obtained from the military at some point before they came into the plaintiffs' possession based on the earplugs' packaging. However, 3M fails to present any facts that demonstrates that Kane and Jalili obtained their earplugs from the military, and thus fails to carry its burden. As

such, the Court finds that it does not have jurisdiction over Kane and Jalili's claims and will grant their motions to remand.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motions to Remand:

1. Jalili, CV22-781, Docket No. 8; and

2. Kane, CV20-1157, Docket No. 35;

are **GRANTED,** and

1. Janice, CV22-783, Docket No. 8

is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 2, 2022  _____
at Minneapolis, Minnesota.                            JOHN R. TUNHEIM
                                                                            United States District Judge